ASA SELBY *et al.* *v.* H. J. HOLLINGSWORTH *et al.*

DESCENT. *Children of mother's sister.* In the descent of the realty of an intestate to the heirs on the part of his mother, under the Code, sec. 2420, sub-sec. 2, the living children of a sister of a mother will take to the exclusion of the half brothers on the side of the deceased son of a deceased daughter of the sister.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

METCALF & WALKER for complainants.

POSTON & POSTON for defendants.

COOPER, J., delivered the opinion of the court.

Louis Selby, Jr., a citizen of this State, died in May, 1881, intestate, unmarried and without issue, leaving him surviving neither brother or sister or their issue, nor father or mother. He died the owner of lands acquired by him in his life time. Under the statute of descents these lands were inherited "in equal moieties by the heirs of the father and mother (of the intestate) in equal degree, or representing those in equal degree of relationship to the intestate; but if such heirs, or those they represent, do not stand in equal degree of relationship to the intestate, then the heirs nearest in blood or representing those who are nearest in blood to the intestate, shall take in preference to others more remote": Code, sec. 2420, sub-sec. 2.

There is no controversy as to the heirs on the part of the intestate's father. The only question is as to the heirs on the part of the mother. She died in 1853, leaving a brother and sister. The brother died young, unmarried and without issue. The sister married J. C. Hollingsworth, and had by him three children, H. J., Lucinda, and Alice Hollingsworth. The first two are still living. Alice married W. A. Cook, and died in 1862 leaving one child, John Cook, who died in 1872, unmarried and without issue. W. A. Cook, the father of John, married again, and had five children by his second wife. The only question in the case is whether

these half brothers and sisters of John Cook are entitled to inherit any part of the lands of Louis Selby, Jr.

H. J. and Lucinda Hollingsworth are the heirs of Selby's mother in equal degree of relationship to him. John Cook, if alive, would represent his mother, who was also in equal degree, with her brother and sister, of relationship to the intestate. The present Cook children are not in equal degree of relationship to the intestate, nor in fact in any degree of relationship to him. The learned counsel of the Cooks, while conceding this, insists that they represent John Cook, being his heirs. But the statute calls for an heir "representing those in equal degree of relationship to the intestate," not for a person representing one who is himself only a representative. The Cooks in no sense represent John's mother, and it is only by representing her that they can bring themselves within the statute. The heirs of Louis Selby, Jr., on the part of his mother, who can take under the statute are only such heirs as would have inherited from the mother if she had survived the son, and then died: *Miller Wills*, 2 Lea, 62. For such heirs would be the only heirs who could be in equal degree, or representing those who are in equal degree to the intestate. In that event, her heirs would have been, under the Code, section 2420, sub-section 1; the surviving children of her sister. The Cooks could not have inherited any part of her estate, for they are in no way related to her in blood, nor of course to her son. The statute itself shows what is meant by representa-

tion by section 2420, sub-section 1, which defines the representation of lineal descendants, and sub-section 2, which provides for the representing of brothers and sisters by their lineal descendants.

Affirm the decree with costs.